IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

METLAKATLA INDIAN COMMUNITY, )
)
                              Plaintiff, )
)
    vs. )
)
XAVIER BECERRA, Secretary, U.S. )
Department of Health & Human Services, )
et al., )
) No. 3:20-cv-0282-HRH
                            Defendants. )
_____)

O R D E R

Motion to Stay Proceedings[1]

Defendants move for an order staying proceedings in this case pending the outcome of an appeal pending before the Ninth Circuit Court of Appeals in San Carlos Apache Tribe v. Becerra, No. 21-15641. The motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

In this order, the court exercises its discretionary authority to actively manage its docket in furtherance of the best use of the time of counsel and the court. Like plaintiff, the court supposes that a decision in San Carlos Apache Tribe could be more than a year

---

[1]Docket No. 25.

[2]Docket No. 26.

ORDER – Motion to Stay Proceedings                                                                - 1 -

in the future.  The court is likewise aware of the fact that defendants have moved to dismiss plaintiff's complaint[3] and that plaintiff has responded.[4]

Given the nature of plaintiff's complaint – a contention that the IHS has failed to pay contract support costs to plaintiff for fiscal years 2014-2016 – the court does not perceive any undo hardship or potential prejudice to either party if these proceedings are stayed as requested by defendants.   Because any decision by this court can and likely would be the subject of an appeal, there is little to be gained by this court making an early decision in this case.

Plaintiff seeks to distinguish this case from San Carlos Apache Tribe.  That case involved an Indian Health Service contract under Title I of the Indian Self-Determination and Education Assistance Act 1975, whereas this case arises under Title V of the Act.  In San Carlos Apache Tribe, District Judge Wake has concluded that 25 U.S.C. § 5325(a) "applies equally to contracts under Titles I and V."  San Carlos Apache Tribe, 482 F. Supp. 3d 932, 939 (D. Ariz. 2020).  Judge Wake also concludes that the distinction between Titles I and V "makes a difference."  Nevertheless, the decision in San Carlos Apache Tribe and plaintiff's complaint in this case have as a principal focus the construction and application of 25 U.S.C. § 5325(a)[5] and § 5326.[6]

Irrespective of whether Judge Wake's San Carlos Apache Tribe decision is affirmed or reversed, that decision will plainly have a major impact on this court's

---

[3]Docket No. 22.

[4]Docket No. 24.

[5]See plaintiff's Complaint at 5-7, ¶¶ 14-17,  Docket No. 1.

[6]See plaintiff's Opposition to Defendants' Motion to Dismiss at 30, Docket No. 24.

ORDER – Motion to Stay Proceedings                                                                - 2 -

decision in this case. Moreover, it is quite probable that, whatever decision the Ninth Circuit makes in San Carlos Apache Tribe, the parties to this case will need to revise their motion to dismiss pleadings.

Defendants' motion for stay of proceedings[7] pending the outcome of the appeal in San Carlos Apache Tribe is granted. Defendants' motion to dismiss plaintiff's complaint[8] is denied without prejudice to the renewal of that motion on or before 30 days following the issuance of the mandate of the Ninth Circuit Court of Appeals in San Carlos Apache Tribe. Defendants may serve and file an amended motion to dismiss or may summarily re-adopt (by notice) their March 31, 2021, motion to dismiss. Plaintiff may serve and file an amended opposition or re-adopt its April 21, 2021, opposition to defendants' motion to dismiss.

DATED at Anchorage, Alaska, this  11th  day of May, 2021.

/s/   H. Russel Holland
United States District Judge

---

[7]Docket No. 25.

[8]Docket No. 22.